UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

MICHAEL J. CALABRESA,                                   Case no.

        Plaintiff,

Vs.

UNUM LIFE INSURANCE COMPANY OF AMERICA,

        Defendant.

---

## COMPLAINT

The plaintiff, by his attorney Lawrence Bensky, alleges as follows:

1. This is an action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001-1461, to recover long-term disability benefits the defendant owes to plaintiff Michael Calabresa.

### JURISDICTION AND VENUE

2. The Court has jurisdiction of this case under 28 U.S.C. § 1331 and 29 U.S.C. §§ 1132(e) and (f).

3. Venue is proper in this District under 29 U.S.C. § 1132(e)(2) because the defendant may be found in this District.

### PARTIES

4. The plaintiff is an adult resident of Wisconsin.

5.      The defendant, Unum Life Insurance Company of America ("Unum"), is an insurer authorized to do and does business in Wisconsin.

FACTS

*The Plan*

6.      Mr. Calabresa was employed by Jewelers Mutual Insurance Company or an affiliated company ("Jewelers Mutual") beginning in 2007.

7.      By virtue of his employment with Jewelers Mutual, Mr. Calabresa was a participant in the Jewelers Mutual Insurance Company Plan (the "Plan"). Among other things, the Plan provided disability income benefits for persons defined by the Plan as being totally disabled.

8.      The Plan was funded by insurance issued by Unum. Unum made benefit determinations and was a claims fiduciary under the Plan. On information and belief, Unum decided which claims were covered under the Plan and also paid covered claims.

*Mr. Calabresa's Job Duties*

9.      Jewelers Mutual and its affiliates provide insurance products to protect sellers, manufacturers, and owners of jewelry from losses. For many years, Jewelers focused on commercial lines – products insuring businesses, such as jewelry retailers.  In about 2013, Jewelers decided to substantially expand its business into personal lines – insurance for the consumer who purchases jewelry.

10.     Mr. Calabresa's initial job with Jewelers Mutual primarily involved marketing commercial lines. When Jewelers Mutual expanded into personal lines, it

2

promoted Mr. Calabresa to become the head of the personal lines sales department. He began as personal lines sales director in January 2014.

11. Mr. Calabresa's job primarily involved two essential functions: 1) planning for the establishment, development, and expansion of the personal lines business and supervising a small staff to work with him to execute those plans, and 2) developing, maintaining, and expanding key industry relationships, primarily by representing the company in face-to-face contacts with personnel of various entities, such as national and regional jewelry associations, large jewelry retailers, "affinity partners" (small groups of individuals who would work together to promote Jewelers Mutual products), and others.

12. During most of a year, Mr. Calabresa's primary duties involved travel-related activities. He traveled and represented Jewelers Mutual by direct contact with key industry personnel. For specific events or activities, for example, he planned for and prepared presentation materials; setup and tore down booths at trade shows; worked on the floor during trade show hours; gave formal presentations and speeches to jewelers during education sessions; hosted events sponsored by Jewelers Mutual; and entertained and networked with influential large jewelers and key people, such as jewelry industry association executives and directors.

13. On most trips for Jewelers Mutual, it was necessary for Mr. Calabresa to lift more than 20 pounds and on many days he was required to stand or walk more than 5.5 hours a day.

*Mr. Calabresa's Disability and Requests for Disability Benefits*

14. Mr. Calabresa's disability began on April 27, 2015, when he had a "TIA" (transient ischemic attack) in his office; he suffered a stroke two days later.

15. As a result of his disabling condition, Mr. Calabresa applied for long-term disability benefits. On October 15, 2015, Unum approved his application. It found that Mr. Calabresa was unable to work due to his medical conditions of a torn hamstring and a stroke. Under the terms of the disability policy, benefits were retroactive to and benefits began as of July 26, 2015.

16. In an October 26, 2016, letter, Unum informed Mr. Calabresa that its definition of "disability" would change as of July 26, 2017, from inability to perform the material and substantial duties of his regular occupation to inability to perform any occupation for which he was reasonably qualified by way of training, education, and experience.

17. On March 27, 2017, Unum informed Mr. Calabresa that it no longer considered him disabled and that his long-term disability benefits would cease as of that date.

18. Mr. Calabresa appealed and requested reconsideration of the decision on several occasions but Unum affirmed its denial of benefits. It based its decision on its conclusion that the material and substantial duties of Mr. Calabresa's occupation as performed in the national economy were sedentary.

19. Mr. Calabresa's duties were not sedentary. Unum's decision otherwise was arbitrary and capricious because no reasonable review of the evidence available to Unum could result in a decision denying benefits under the policy definition of disability in effect until July 25, 2017.

CLAIM FOR RELIEF

20. Mr. Calabresa incorporates the allegations of paragraphs 1-19 above.

21. Under 29 U.S.C. § 1132(a)(1)(B), Mr. Calabresa is entitled to long-term disability benefits under the Plan for the period from March 27, 2017 through July 26, 2017.

22. Mr. Calabresa has exhausted his administrative remedies under the Plan.

23. Unum acted arbitrarily and capriciously in interpreting the Plan, in determining the material and substantial duties of Mr. Calabresa's occupation as actually performed and as performed in the national economy, and in performing its duties under the Plan and under law.

RELIEF REQUESTED

The plaintiff requests relief as follows:

A. Disability benefits for the period from March 27, 2017 through July 26, 2017.

B. Pre-judgment interest;

C. Reasonable attorney fees;

D. Costs and disbursements; and

E. Such other relief as the Court deems just and proper.

Dated: December 14, 2017

/s/
_____

Lawrence Bensky
   Attorney for Michael J. Calabresa


Law Office of Lawrence Bensky, LLC
10 East Doty St., Suite 800
Madison, Wisconsin 53703
Phone: (608) 204-5969
Email: lbensky@benskylaw.com